IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONNIE GULLY, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00475-SMY |
| ) | |
| **THOMAS TRICE,** ) | |
| **NANCY SUTHERLIN,** ) | |
| **TERRY OWENS, and** ) | |
| **STEVEN STRUBBERG,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Ronnie Gully, Jr., is an inmate currently housed in the St. Clair County Jail. Pursuant to 42 U.S.C. § 1983, Plaintiff filed an action, *Gully v. Watson*, Case No. 15-cv-276-MJR, asserting claims regarding: (1) the alleged use of excessive force and harsh conditions of confinement; and (2) an alleged failure to protect him from harm and related failure to get him medical care when he was injured. Upon preliminary review, the second claim was severed in accordance with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); that claim forms the basis of the present action. Plaintiff was directed to inform the Court if he wanted to proceed with this case, or opt out and avoid another filing fee.

Plaintiff Gully now informs the Court that he wants to proceed with his "failure to protect/denial of medical care" claim against Defendants Trice, Sutherlin, Owens and Strubberg (Doc. 11). He also requests a form motion for pauper status be sent to him (Doc. 11). But, that does end the matter. Plaintiff simultaneously filed a "Motion for Leave to File [a] Supplemental Pleading in conjunction with the Initial Pleading of the Complaint" (Doc. 9). He wants to add a

claim regarding an incident of retaliation, which, from his perspective, is just another incident in a "campaign of harassment" by Defendant Trice and Phillip McLaurin.[1]  McLaurin was a named defendant to both of the claims originally brought in Case No. 15-cv-276-MJR, but he was dismissed without prejudice—meaning that he is currently not a party to that case, or this case.

Plaintiff considers his proposed "supplemental" retaliation claim to be an extension of a retaliation claim being litigated in *Gully v. Trice*, Case No. 15-cv-159-MJR.  Case No. 15-cv-159-MJR revolves around a claim that Trice and McLaurin retaliated against Plaintiff for filing grievances and complaints about his conditions of confinement.  He requests that the Court "join" and "run together" the present case, Case No. 15-cv-475-SMY, with his first-filed case, Case No. 15-cv-159-MJR (*see* Doc. 9, p. 2, and Doc. 11).  Furthermore, he states, "It's not a new suit.  I'm not paying [an] extra $400 to add additional facts or claims[,] so put them together." (Doc. 11).

Although Plaintiff has stated that he wants to proceed with the "failure to protect/denial of medical care" claim against Defendants Trice, Sutherlin, Owens and Strubberg, it is clear that he does not want to proceed with this separate action or pay the associated filing fee.  Rather, he wants to amend Case No. 15-cv-159-MJR to add the claims currently in this case, Case No. 15-cv-475-SMY.  Accordingly, this present case, No. 15-cv-475-SMY, will be administratively closed, and no fee will be assessed.  Plaintiff must file a motion in Case No. 15-cv-159-MJR, if he wants to amend the complaint in that case.  If that tack fails, he can initiate another case and pay the filing fee (or move for pauper status).  Plaintiff is reminded that, as a general matter, there is a two-year statute of limitations period.

---

[1] Plaintiff also indicates he wants to "strike" Mrs. Debra Hale as a defendant to his harassment claim.  Hale is not a defendant to Case No. 15-cv-276-MJR, or Case No. 15-cv-475-SMY.  Also, Hale is not a defendant in a third pending case, *Gully v. Trice*, Case No. 15-cv-159-MJR.

Lastly, insofar as Plaintiff asks that the case name in Case No. 15-cv-276-MJR be altered (Doc. 11), he must file a motion in that case.

**IT IS HEREBY ORDERED** that, for the reasons stated, this action is **DISMISSED without prejudice**. No filing fee will be assessed, and no strike will be assessed for purposes of 28 U.S.C. § 1915(g). Judgment shall enter accordingly.

The Clerk of Court is **DIRECTED** to send Plaintiff a civil rights complaint form, along with a form motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**DATED: May 22, 2015**

> s/ STACI M. YANDLE
> **UNITED STATES DISTRICT JUDGE**